**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Victor Campbell, on behalf of himself and others similarly situated, | Case No. 1:21-cv-04056-JLR |
| *Plaintiff*, | **DECLARATION OF MOHAMMED GANGAT, ESQ.** |
| -against- | |
| City of New York; and NYPD Officers John Does #1-4, true names being presently unknown, | |
| *Defendants*. | |

**MOHAMMED GANGAT,** an attorney duly admitted to practice law before this Court, under the penalties of perjury, declares as follows:

1. I am the attorney of record for Plaintiff Victor Campbell ("Plaintiff") in this matter. As such, I am fully familiar with the facts set forth below.

2. Plaintiff is also represented by my co-counsel Joshua Nessen. I am the lead attorney and in charge of all matters in the litigation with my co-counsel providing support as needed. I make this Declaration in support of my and co-counsel Joshua Nessen's motion to withdraw as counsel for Plaintiff in this matter.

3. The attorney-client relationship between Plaintiff and counsel has deteriorated and has become unworkable. Plaintiff has been unresponsive to repeated requests in connection with the representation and has been unavailable and generally uncooperative. Under these circumstances, Counsel cannot continue to represent Plaintiff.

4. Plaintiff's deposition was noticed by Defendant for October 6, 2022. On August 23 and August 31, I tried to contact Plaintiff by phone and email to prepare for the deposition. On September 19, I sent him a letter in the mail. There was no response until October 3, 2022.

5. On October 3, 2022, my client contacted me and we discussed that he was not prepared for the deposition on October 6, and we would seek an adjournment to a new date. My client was supposed to give me his availability for a new date but never did.

6. Almost daily, I have been reaching out to my client trying to get a date. Other than an extremely brief phonecall with him on October 3, 2022, there has been no contact. It is now November 2, 2022. Between October 3, 2022, and now, I sent at least three emails, and made at least 3 phone calls to try and reach this client. He has been completely unresponsive.

7. I represent a lot of clients. This client is one of the most difficult to communicate with and it is to the point where I cannot continue to chase him while he shows no interest in participating.

8. Because of the nature of this application – a request to withdraw from representing a client who has broken off communications – presents no novel issues of law, I ask that the requirement of submitting a separate memorandum in support be waived.

9. Local Civil Rule 1.4, "Withdrawal or Displacement of Attorney of Record", provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

10. When deciding whether to grant a motion to withdraw "district courts… analyze two factors: the reasons for withdrawal and the impact of withdrawal on the timing of proceedings. *Batres v. Valente Landscaping Inc.*, No. 14-cv-1434, 2016 WL 4991595, at *2 (E.D.N.Y. Sep. 15, 2016) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

11. Satisfactory reasons for attorney withdrawal include an "irreconcilable conflict between attorney and client.'" *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.C., Inc.*, 2005 WL 1963945, at *1 (S.D.N.Y. August 15, 2005) citing Local Rule 1.4; see also *Naguib v. Pub. Health Solutions*, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (withdraw motion granted where client refused to cooperate with counsel, including acting against counsel's advice). A lawyer may also seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *U.S. v. Lawrence Aviation Industries*, 2011 WL 601415, at *1 (E.D.N.Y. Feb 11, 2011).

12. "The failure of a client to cooperate with counsel in the prosecution or defense of an action by, among other things, failing to communicate with counsel, has been found to be an adequate basis upon which to permit an attorney to be released from the obligation of continuing to represent the attorney's client. Furthermore, where an irreconcilable conflict has emerged between an attorney and the attorney's client, that too may support a determination by a court to allow withdrawal by the attorney." *Callahan v. Consolidated Edison Co. of New York, Inc.*, 2002 WL 1424593, *1 (S.D.N.Y. July 1, 2002).

13. The relationship between Plaintiff and counsel is unmanageable due to lack of communication or the absolute absence thereof.

14. Local Rule 1.4. directs the Court to consider the "posture of the case, including its position, if any, on the calendar." District courts permit withdrawal of counsel where the "case is not on the verge of being tried." *Blue Angel Films, Ltd.*, 2011 WL 672245 at *2. Withdrawal will not cause subsequent prejudice to Plaintiff because this case is at its infancy.

15. To date, the Defendants have appeared but have yet to file an Answer. Thus, this case is nowhere near the "verge of being tried."

16. If the Counsel was permitted to withdraw, Counsel respectfully requests that the Court allow Plaintiff 60 days to allow Plaintiff to enter the appearance of successor counsel. See *Police Officers for a Proper Promotional Process v. Port Auth. or N.Y. & N.J.*, 2012 WL 4841849, at *6 (S.D.N.Y. Oct 10, 2012) (granting a party, wise counsel withdrew, a 60-day stay to appear with new counsel).

17. I also note that from a withdrawal of plaintiff's counsel perspective, statute of limitations in this case is largely not an issue. For starters, it is Plaintiff's own failure to communicate with his counsel and therefore Counsel should not be penalized.

18. I am not seeking any charging lien or retaining lien related to this case.

WHEREFORE, pursuant to Local Rule 1.4 and NYRPC Rule 1.16(c)(4), Counsel respectfully requests that (a) the Court grant Counsel's leave to withdraw as counsel for Plaintiff in this matter; and (b) the Court stay proceedings and grant Plaintiff 60 days in which to arrange for replacement of counsel.

### Declaration Pursuant to 28 U.S.C. 1746

I declare under the penalty of perjury that the forgoing is true and correct.

Dated: New York, New York
December 1, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By: */s/ Mohammed Gangat*
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff Victor Campbell*