UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR CAMPBELL,<br><br>                                    Plaintiff,<br><br>           -against-<br><br>CITY OF NEW YORK, et al.,<br><br>                                    Defendants. | 21-CV-04056 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Victor Campbell, proceeding *pro se*, bring this action against Defendants pursuant to 42 U.S.C. § 1983 and state law, alleging violations of his constitutional rights. *See generally*, ECF No. 1 ("Compl."). For the reasons set forth below, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff has failed to appear in this action for several months. On November 4, 2022, the Court ordered Plaintiff, in addition to his former counsel, to appear at a conference on November 30, 2022. ECF No. 38. Plaintiff did not appear at the November 30, 2022 Conference. The Court granted Plaintiff's attorneys' motion to withdraw as counsel since his counsel represented that he had been unable to reach Plaintiff despite repeated efforts. ECF No. 43. The Court afforded Plaintiff approximately two months to find substitute counsel and directed Plaintiff to inform the Court by January 25, 2023 whether he had obtained new counsel or planned to proceed *pro se*. *Id*. The Court also warned that if Plaintiff did not file a letter, the case may be dismissed for failure to prosecute. *Id*. Plaintiff's former counsel filed an affidavit of service of this order on the Plaintiff. ECF No. 44.

By January 30, 2023, the Court had not received any letter from Plaintiff.  ECF No. 46.  Accordingly, the Court adjourned the scheduled February 1, 2023 status conference in this case until March 1, 2023.  ECF No. 46.  The Court directed Plaintiff to file a letter by February 17, 2023 informing the Court of whether he has retained new counsel or planned to proceed *pro se*.  *Id*.  Due to a clerical error this order was not mailed to Plaintiff.  On February 23, 2023, the Court therefore adjourned the March 1, 2023 Conference until March 8, 2023 and the Clerk of Court mailed a copy of its order to Plaintiff.  ECF No. 49.  The time for the March 8, 2023 conference was changed and Defense counsel emailed plaintiff with the new time.  ECF No. 52.  Plaintiff confirmed the conference time with Defendants but did not appear at the March 8, 2023 conference.  Defendants requested that the matter be dismissed for failure to prosecute.

The Court rescheduled the conference for March 15, 2023 and offered Plaintiff one last chance to participate in this action.  ECF No. 53 at 2.  The Court warned in the scheduling order for that conference that failure to participate in this conference without good cause shown would result in the case being dismissed for failure to prosecute.  *Id.* at 3.

On March 15, 2023, Plaintiff did not appear at the conference.  The Court confirmed with Defense counsel that Plaintiff was served with a copy of the order.  To date, Plaintiff has not communicated, nor filed anything, with the Court regarding any of the aforementioned conferences.

**LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order . . . ."  Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order,

2

(2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in over three and a half months since his previous counsel withdrew. In fact, his previous counsel withdrew because Plaintiff was not communicating with him. ECF No. 41; *see, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a

court order was "almost two months overdue"). Second, Plaintiff was on notice that his failure to comply would result in dismissal: the Court's December 2, 2022 order and March 8, 2023 order explicitly warned Plaintiff that this action would be dismissed if he failed to appear or respond. ECF Nos. 43, 53; *see Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiff has been given an opportunity to be heard; indeed, the Court warned Plaintiff that the case would be dismissed if he did not appear and Plaintiff did not response or appear at several court conferences. ECF Nos. 43, 49, 53. The Court specifically scheduled the final conference on March 15 as a virtual or telephonic conference in case plaintiff was having difficulty appearing in person. ECF No. 53. Fourth, it has been nearly three and a half months without any communication from Plaintiff, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, and in light of Plaintiffs' *pro se* status, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Defendants has been minor since this case has essentially been stayed since Plaintiff did not appear at a conference on November 30, 2022. *See* ECF No. 53; *LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiffs' failure to communicate with the Court or to comply with the Court's orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at

\*2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." (internal citation and quotation marks omitted)); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

Dated: March 17, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge